UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VANESSA SPARKS, et al.,
    Plaintiffs,

vs.

CITY OF CINCINNATI,
    Defendant.

Case No. 1:14-cv-612
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on pro se plaintiff Vanessa Sparks' motion to reopen this case and enforce the settlement agreement (Doc. 43) and defendant City of Cincinnati's response in opposition (Doc. 45). The Court held an evidentiary hearing on this matter on March 1, 2017.

As background, the six plaintiffs in this action are residents of the Mohawk area of West McMicken Avenue in the Over the Rhine neighborhood of Cincinnati, Ohio. (Doc. 12 at ¶ 3). In their amended complaint, plaintiffs alleged that in April 2014, defendant barricaded a section of West McMicken Avenue in the Mohawk area for the stated purpose of curbing prostitution on the street. (*Id.* at ¶ 5). Plaintiffs alleged that these barricades limited access to their homes, public transportation, and emergency services. (*See id.* at ¶¶ 7-12). They also alleged that the Cincinnati Police Department ("CPD") was intimidating and/or detaining visitors for "[m]erely driving onto the street where plaintiffs live." (*Id.* at ¶¶ 7, 15). Plaintiffs sought compensatory damages and an injunction ordering removal of the barricades. (*See id.* at pages 5-6).

In May 2015, the case was referred for judicial-based mediation. (Doc. 28). Settlement conferences were held in July 2015 and February 2016. (*See* dkt. entries dated Jul. 7, 2015, Feb. 1, 2016, and Feb. 22, 2016). The case was reported as settled on February 22, 2016. (*See* dkt. entry dated Feb. 22, 2016). The next day, the Court dismissed the case with prejudice but

indicated the case could be reopened by April 8, 2016 if the settlement was not consummated. (Doc. 40). In March 2016, the other plaintiffs moved for leave to process and disburse the settlement proceeds without plaintiff Sparks' endorsement. (Doc. 41). In their motion, plaintiffs indicated that all plaintiffs, including plaintiff Sparks, had signed the settlement agreement and defendant had issued a check for the settlement proceeds payable to all plaintiffs, but plaintiff Sparks refused to endorse the check. (*See id.* at 2-3). On April 7, 2016, the Court granted plaintiffs' motion and ordered disbursement of the settlement proceeds. (Doc. 42).

Plaintiff Sparks filed the instant motion in September 2016.[1] (Doc. 43). She asserts that defendant violated the settlement agreement by failing to send notices, mailings, updates, or correspondence concerning Over the Rhine and its developments, meetings, projects, and plans. (*Id.*).

In its response in opposition, defendant has submitted a copy of the parties' settlement agreement. (Doc. 45-1). In pertinent part, the agreement provides:

> [Defendant] also agree[s] that a representative of the Cincinnati Police Department will be a point of contact for [plaintiffs] with respect to the policing strategies in the area of West McMicken Avenue. Moreover, the Mohawk Area Development Corporation,[2] and any successors, will be added to any neighborhood and area notifications regarding policing strategies and other neighborhood issues provided to other community groups.

(*Id.* at 2). Defendant argues that plaintiff's motion should be denied because CPD has "added Mohawk Area Development Corporation to neighborhood and area notifications regarding policing strategies and other neighborhood issues." (Doc. 45 at 2). Further, defendant asserts that "[t]here have been no notices regarding policing strategies to any community groups since February [2016]." (*Id.*).

---

[1] The other plaintiffs are not party to this motion.
[2] At the evidentiary hearing, plaintiff Sparks stated that she is the director of the Mohawk Area Development Corporation.

2

At the evidentiary hearing, plaintiff Sparks argued that defendant violated the settlement agreement by failing to provide Mohawk Area Development Corporation with notice of meetings held by defendant's Department of City Planning to develop a Mohawk Area Plan. Plaintiff Sparks stated that she only received information about defendant's efforts to develop a Mohawk Area Plan when she contacted a staff member of the Department of City Planning. Plaintiff asserted her belief that defendant has intentionally and maliciously sought to exclude the Mohawk Area Development Corporation from the process to develop the Mohawk Area Plan. In support of her contentions, plaintiff submitted two exhibits, which were admitted into evidence.

Plaintiff's Exhibit 1 is entitled "Mohawk Plan Draft Process and Engagement Strategy" and outlines a series of meetings related to the Mohawk Area Plan to be held between November 2016 and August 2017. (*See* Doc. 47-1 at 1). Plaintiff's Exhibit 2 is entitled "Mohawk Area Plan" and describes the process by which the plan will be developed and the opportunities for community input. (*See id.* at 2-3). At the evidentiary hearing, plaintiff Sparks argued these exhibits show that in violation of the settlement agreement, defendant has held meetings about "neighborhood issues" without providing the required notice to the Mohawk Area Development Corporation.[3]

Having considered the parties' briefs, statements at the evidentiary hearing, and exhibits, the Court concludes that plaintiff's motion should be denied. The settlement agreement resolved a dispute between the parties concerning a discrete incident, i.e., CPD's erection of barricades in plaintiffs' neighborhood in July 2014. In resolving that dispute, the parties agreed that a representative of CPD would be a point of contact for plaintiffs "with respect to the *policing strategies* in the area of West McMicken Avenue." (Doc. 45-1 at 2) (emphasis added). The

---

[3] The Court notes that Exhibits 1 and 2 are publicly available documents found on the City of Cincinnati's City Planning web page. *See* www.cincinnati-oh.gov/planning/planning-projects-studies/mohawk-area-plan/

3

parties further agreed that the Mohawk Area Development Corporation "will be added to any neighborhood and area notifications regarding policing strategies and other neighborhood issues provided to other community groups." (*Id.*). Read in this context, the parties' agreement to add the Mohawk Area Development Corporation "to any neighborhood and area notifications" is limited in scope to policing and public safety issues with which CPD would have involvement. The agreement does not obligate defendant to notify the Mohawk Area Development Corporation whenever any other department of government undertakes any action that affects or could affect the Mohawk area.

Additionally, the settlement agreement requires notice to the Mohawk Area Development Corporation only if it is also "provided to other community groups." However, plaintiff Sparks has not provided the Court with any evidence to suggest that defendant sent a "neighborhood [or] area notification[]" to any other community groups that was not sent to the Mohawk Area Development Corporation. (*See* Doc. 45-1 at 2).

In sum, and based on the foregoing, it is **RECOMMENDED** that plaintiff Sparks' motion to reopen this case and enforce the settlement agreement (Doc. 43) be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 3/7/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VANESSA SPARKS, et al.,
    Plaintiffs,

vs.

CITY OF CINCINNATI,
    Defendant.

Case No: 1:14-cv-612
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).